Filed 5/31/24  P. v. Fiske CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C100048 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF23-01811) |
| v. | |
| JAMES MATTHEW FISKE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Matthew Fiske asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We dismiss the remaining charges and enhancement allegations that were not part of defendant's plea agreement, modify the judgment to reflect that the trial court imposed the upper term (as stipulated to by defendant), and affirm the judgment as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 2023, while there was a state of emergency in effect, defendant threw a lit Stormproof match or Typhoon match out his car window while he was driving. The match landed on a victim, who suffered burns so bad they left scars on the victim's neck and hand. A fire ignited and eventually burned more than 97 acres.

Defendant was charged with seven counts of arson (counts I-VI, VIII) and two counts of injuring a spouse, cohabitant, fiancé, boyfriend, girlfriend, or child's parent (counts VII, IX). As to the arson counts, it was further alleged each offense was committed during and within an area of a state of emergency, defendant had a prior strike, and defendant had a prior serious felony. As to count VII, it was further alleged defendant personally used a deadly weapon and had a prior strike and a prior serious felony. As to count IX, it was further alleged defendant committed the crime while released on bail or on his own recognizance and that he had a prior strike.

In September 2023, defendant pled no contest to one count of arson (count IV). He admitted the state of emergency enhancement, a great bodily injury enhancement, and the prior strike. The parties stipulated to a 21-year term and agreed to dismiss the remaining counts and enhancement allegations during sentencing.

In November 2023, the trial court sentenced defendant to prison for an aggregate term of 21 years, as follows: 18 years for arson (although the court incorrectly described this as the lower term, it is actually the upper term of nine years[1] doubled due to the prior strike) plus three years for the great bodily injury enhancement. The court also imposed a $300 restitution fine, a corresponding $300 parole revocation fine (suspended unless parole is revoked), a $40 court operations fee, and a $30 criminal conviction assessment

---

[1] The upper term for arson is typically six years. (Pen. Code, § 451, subd. (c).) However, the upper term is nine years with the state of emergency enhancement. (§ 454, subds. (a) & (b).)

fee.  The trial court did not dismiss the remaining counts or enhancement allegations.  Also, as noted by defense counsel in their briefing, the abstract of judgment incorrectly reflects imposition of the lower term rather than the upper term.

Defendant did not obtain a certificate of probable cause on appeal.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record reveals the trial court failed to dismiss the remaining charges and enhancement allegations at sentencing, as had been agreed between the parties.  In the interest of judicial economy, we will order the remaining counts and enhancements dismissed.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 80 [the parties must abide by the terms of the plea agreement, including the dismissal of other counts or enhancement allegations].)

We further note that the trial court stated during sentencing that it was imposing the lower term on the arson count, despite actually imposing the upper term.  Given that the parties agreed to the upper term, we will modify the judgment to reflect the imposition of the upper term, rather than the lower term.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to reflect that (1) the upper term was imposed on the arson count and (2) the remaining charges and enhancement allegations, other than count IV and the associated enhancements that defendant admitted, are dismissed. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting these modifications and to send a certified copy thereof to the Department of Corrections and Rehabilitation.


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
DUARTE, J.


/s/_____
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.